OPINION
{¶ 1} Defendant-appellant Kimberly S. Southall appeals the February 28, 2002 Judgment Entry entered by the Stark County Court of Common Pleas, which classified her a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 15, 1992, Robert Norris, appellant's boyfriend, called Sheila Knutty, a sixteen-year-old girl, and asked her to help him plan a birthday party for his daughter. Sheila agreed, and met appellant and Norris at a gas station near her home. The trio drove to Norris's house in Massillon. Sheila went upstairs to the bathroom. When she came out of the bathroom, Norris asked her to come into appellant's bedroom. Norris told Sheila he was going to take pictures of her. When she tried to leave, Norris threw her on the bed. When Sheila again tried to leave, Norris pushed her on the bed, and brandished a pair of scissors. Norris locked the door to the bedroom.
 {¶ 3} Norris forced Sheila to smoke crack by covering her mouth and nose with his hands. Holding the scissors to her neck, Norris made Sheila put on a pair of shorts and a tee shirt. Norris then made Sheila imitate poses from a magazine.
 {¶ 4} Norris tied Sheila's hands with yarn, and began touching her chest and vagina. Appellant came into the bedroom, and Norris sent her out to buy more crack.
 {¶ 5} Norris repeatedly forced Sheila to engage in oral sex and vaginal intercourse with him.
 {¶ 6} Appellant came back into the bedroom. At Norris's demand, appellant touched Sheila's vagina and performed oral sex on Sheila. Appellant later fell asleep, remaining in the bedroom.
 {¶ 7} Norris again repeatedly forced Sheila to engage in sexual behavior with him. At one point, Norris untied Sheila. When she screamed, Norris cut her chest with the scissors.
 {¶ 8} Eventually, Norris agreed to release Sheila. He woke appellant up, and they drove Sheila to a friend's house in Massillon. Sheila then went to Aultman Hospital.
 {¶ 9} Appellant was indicted by the Stark County Grand Jury for kidnapping and rape. The case proceeded to a jury trial with co-defendant Norris. Appellant was convicted on both charges by the Stark County Common Pleas Court. She was sentenced to an indeterminate term of incarceration of ten to twenty-five years on each count, to be served consecutively.
 {¶ 10} The State filed a motion to classify appellant a sexual predator pursuant to R.C. 2950.09 on November, 2001. On December, 2001, appellant filed motions to dismiss arguing the retroactive application of H.B. 180's classification and registration provisions violated her constitutional rights. Appellant also filed a motion requesting the trial court order a psychological/psychiatric evaluation. On January 10, 2002, the trial court granted appellant's motion for a psychological/psychiatric evaluation.
 {¶ 11} The sexual predator classification hearing was held on February 26, 2002. After hearing all the evidence, the trial court classified appellant a sexual predator in a Judgment Entry dated February 28, 2002.
 {¶ 12} It is from this judgment entry appellant appeals, raising the following assignment of error:
 {¶ 13} "I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT CLEAR AND CONVINCING EVIDENCE TO SUPPORT SAID FINDING."
 I. {¶ 14} In appellant's sole assignment of error, she maintains the trial court erred in classifying her a sexual predator without clear and convincing evidence. We disagree.
 {¶ 15} In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 16} R.C. 2950.09(B)(2) sets forth the factors a trial court must consider when making a determination as to whether an offender is a sexual predator:
 {¶ 17} "(2) In * * * the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contract, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made on or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 18} Appellant contends the trial court did not have clear and convincing evidence to classify her a sexual predator pursuant to the second prong of R.C. 2950.01(E). R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant stipulated to the first prong of the definition, but maintains there is not clear and convincing evidence to support she is likely to engage in future sexually oriented offenses. Appellant argues committing a single sexually oriented offense, does not satisfy the contention that she is likely to engage in future sexual offenses.
 {¶ 19} At the classification hearing, the State presented the testimony of one witness, Detective Brian Schnell of the Massillon Police Department. Det. Schnell, the investigating officer on the underlying offense, testified appellant did not fit the profile of a serial rapist. Det. Schnell opined appellant might re-offend if she had contact with her co-defendant, otherwise he did not think it likely appellant would re-offend.
 {¶ 20} The trial court also admitted the psychological evaluation of Dr. Anuszkiervicz. In the report prepared at appellant's request, Dr. Anuszkiervicz stated appellant does not show remorse for her crimes and still maintains her innocence. The report further found because of the association with her co-defendant, appellant is still under his influence and control. Appellee objected to the admittance of the report because Dr. Anuszkiervicz was not present at the time of the hearing and therefore, could not be cross-examined. The trial court overruled appellant's objection. Appellant does not separately assign this as error.
 {¶ 21} We find the record provides sufficient, competent credible evidence to support the trial court's determination appellant is likely to reoffend. Det. Schnell thought she would re-offend if she maintained a relationship with her co-defendant. Dr. Anuszkiervicz found her still under the influence of this co-defendant, with no remorse for her actions.
 {¶ 22} Appellant knew the minor victim. Appellant participated in a scheme to use crack cocaine to control the minor. Further, appellant helped Norris trap the minor for appellant's own sexual gratification. We find these elements were sufficient to provide competent, credible evidence appellant was likely to reoffend.
 {¶ 23} Accordingly, appellant's sole assignment of error is overruled. The February 28, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: comp cred evid for sex pred determination